## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES KING, | : | |
| Petitioner | : | Civil No. 3:15-cv-1937 |
| | : | |
| v. | : | (Judge Nealon) |
| | : | (Magistrate Judge Mehalchick) |
| WARDEN DAVID EBBERT, | : | |
| Respondent | : | |

FILED
SCRANTON

DEC 1 6 2016

PER _____
DEPUTY CLERK

### MEMORANDUM

On October 6, 2015, Petitioner, James King, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, ("USP-Lewisburg") filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 alleging a violation of his procedural due process rights when he was allegedly denied a hearing for an incident that occurred while housed at the United States Penitentiary in Allenwood, Pennsylvania. (Doc. 1). On September 2, 2016, Respondent filed a response to the petition. (Doc. 15). On September 21, 2016, Petitioner filed a traverse. (Doc. 16). On November 28, 2016, Magistrate Judge Mehalchick a Report and Recommendation ("R&R"), recommending that this Court dismiss the petition with prejudice. (Doc. 17, pp. 31-34, 38). Defendant filed objections on December 15, 2016. (Doc. 18). For the reasons set forth below, the objections will be overruled, the R&R will be adopted, and Plaintiff's petition for writ of habeas corpus will be dismissed with prejudice.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377

(M.D. Pa. 1998) (Vanaskie, J.).  The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report.  28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

## Discussion

In his petition, Petitioner alleges that his procedural due process rights were violated because he was found guilty of violating an amended charge under Code 296, "Misuse of the Mail," without the opportunity to prepare a defense against this charged incident, which was originally based on an alleged violation of Code 203, "Threatening Another with Bodily Harm." (Doc. 1).  Respondent argues that Petitioner was provided procedural due process because the facts underlying the Code 296 amended charge were sufficiently similar to the original Code 203 charge.  (Doc. 15, pp. 9-10).

Magistrate Judge Mehalchick issued the R&R at hand, in which she provides the factual and procedural background of the case, and the appropriate standard of review for a habeas corpus petition filed under 28 U.S.C. § 2241. (Doc. 17, pp. 3-7, 20-23).  Ultimately, Magistrate Judge Mehalchick concludes the following:

> This Court agrees with Respondent that the DHO's procedures conformed to both BOP regulations and constitutional due process requirements.  Several courts within the Third Circuit

3

have considered and rejected [Petitioner's] argument that procedural due process is violated whenever the DHO finds an inmate guilty of an act that the inmate was not originally charged with. See Guerrero v. Recktenwald, 542 F. App'x 161, 164 (3d Cir. 2013) (not precedential) ("[T]hat the notice of the disciplinary hearing did not explicitly charge [the petitioner] with insolence is of no consequence because pursuant to 28 C.F.R. § 541.8(a)(1), a DHO has the authority to find that an inmate 'committed the prohibited act(s) charged, and/ or a similar prohibited act(s) as described in the incident report.'"); Milhouse v. Ebbert, No. 1:15-CV-00013, 2016 WL 4448637, at *3 n.4 (M.D. Pa. Aug. 24, 2016) (holding that [the] petitioner received sufficient due process because "the facts relating to the prohibited acts charged and those of which the DHO found [petitioner] guilty remained the same"); Sanders v. Zickefoose, No. 1:13-CV-1595, 2015 WL 4729831, at *8 (M.D. Pa. Aug. 10, 2015) ("When read in connection with Wolff's notice requirement, this Court has not hesitated to find that 28 C.F.R. § 541.8(f) authorizes a DHO to change, or amend, the misconduct charges on an incident report to conform to the charges which the evidence at a hearing later proves an inmate actually committed."); Thornton v. Thomas, No. 3:12-CV-1264, 2013 WL 6858741, at *5 (M.D. Pa. Dec. 30, 2013) ("To the extent [the] [p]etitioner argues that the DHO found him guilty of Fighting, an act, he claims he was not originally charged with, BOP policy as codified at 28 C.F.R. § 541.8(a)(1) provides that the DHO may find that an inmate 'committed the prohibited act(s) charge, and/ or a similar prohibited act(s) as described in the incident report.'") "[H]owever, in order for a DHO to constitutionally change, or amend, a misconduct charge, after an inmate has been provided with a copy of the incident report, without the need to provide additional advance-written notice, the factual nature of the alleged prohibited conduct must remain the same." Sanders, 2015 WL 4729831 at *8. Here, the Court finds that [Petitioner] possessed all the information he needed to defend against the amended charge of a Code 296 violation because the DHO relied on facts that were contained in the incident report. Indeed, the incident report specifically noted that [Petitioner]

4

"uses coded messages" in his outgoing letters. (Petition 1,
Doc. 1-1, at 1). Thus, the factual nature of the alleged
prohibited conduct did not change, despite the DHO's
determination that [Petitioner's] misconduct was best
characterized as a Code 296 violation.

In addition to failing to establish that the factual nature of the
Code 203 and Code 296 charges were different, [Petitioner]
also does not explain how he was prejudiced by the DHO's
determination that [he] committed a similar prohibited act to
the one initially charged. See Von Kahl v. Brennan, 855 F.
Supp. 1413, 1422 (M.D. Pa. 1994) ("[T]his court is reluctant to
overtax and/ or hamstring prison officials' execution of
disciplinary policies and procedures by mandating an automatic
remand for technical non-compliance with a regulation, absent
some showing of prejudice to the inmate.") For instance,
although [Petitioner] maintains that he was denied the
opportunity to present witnesses as to the Code 296 charge, he
fails to state who he would have called or what, if any,
witnesses could have testified to in his defense. (Petition 1,
Doc. 1, ¶ 13). Likewise, [Petitioner] does not specify any new
evidence that he would have presented at the DHO hearing had
he known that he would be charged with a Code 296 violation.
This Court therefore recommends that [Petitioner's] procedural
due process claim with respect to the incident report at issue []
be denied because the initial and amended charges share the
same factual basis and because [Petitioner] fails to establish
that any prejudice resulted from the amendment to the charge.
See Fenner, 2014 WL 5511395, at *3 ("Even if BOP
regulations warranted the rewriting of the charge, absent a
showing of prejudice, a technical violation of BOP regulations
does not automatically require that a disciplinary sanction must
be vacated and remanded.")

(Doc. 17, pp. 31-34). Magistrate Judge Mehalchick also noted the following in a

footnote:

The Court also does not find prejudice because the initial Code

203 charge and the amended Code 296 charge are both categorized as "High Severity Level Prohibited Acts" and thus carried the same potential sanctions. See 28 C.F.R. § 541.3, Tables 1 and 2; see also Fenner v. Ebbert, No. 4:13-CV-1245, 2014 WL 5511395, at *3 (M.D. Pa. Oct. 31, 2014) (denying petitioner's procedural due process claim and noting that "this is not a case where a prisoner was found guilty of a greater offense than the one originally charged.").

(Doc. 17, p. 34).

In his objections, Petitioner again asserts that he did not have the opportunity to defend against the amended Code 296 charge because he "was not given notice, or any opportunity, to defend [him]self, to a 296 charge until [he] was sanctioned on it!!" (Doc. 18, pp. 1-2). This is a reiteration of the assertion he contended in his petition that has already been addressed by Magistrate Judge Mehalchick in the instant R&R. (Doc. 17, pp. 31-34). Consequently, because Plaintiff is merely repeating an argument that was thoroughly addressed by the Magistrate Judge and is not making specific objections to the R&R, judicial economy demands the R&R be reviewed for clear error as opposed to de novo review. See Hutson v. Vaughn, 2004 WL 717178 (E.D. Pa. 2004) (Overruling the objections after determining that petitioner's objections simply restated his prior contentions and that the Magistrate Judge properly reviewed the arguments in the Report and Recommendation), affirmed, 262 Fed. Appx. 474 (3d Cir. 2008). See also Cruz, 990 F. Supp. at 377 (In the absence of specific objections, review may

properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings.).  Thus, Petitioner's objections, (Doc. 18), will be overruled as non-specific due to the reiteration of the assertions already made in the petition, (Doc. 1).

Furthermore, this Court finding no clear error with Magistrate Judge Mehalchick's extremely thorough analysis in the R&R at hand, it will be adopted as such, and the petition for writ of habeas corpus, (Doc. 1), will be dismissed with prejudice.

A separate Order will be issued.


**Date:** December 16, 2016

/s/ William J. Nealon
**United States District Judge**